IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREAT WEST CASUALTY COMPANY,

   Plaintiff,

 and

DAVID TURNER,

   Involuntary Plaintiff,

 v.

PILOT TRAVEL CENTERS, LLC,

   Defendant.

ORDER

16-cv-66-slc

---

This case is set for trial on July 31, 2017. The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). As the party seeking to invoke federal diversity jurisdiction, plaintiff bears the burden of demonstrating that the complete diversity and amount in controversy requirements in 28 U.S.C. § 1332(a) are met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). A review of the pleadings reveals that plaintiff's allegations regarding the court's diversity jurisdiction are inadequate.

28 U.S.C. § 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). Plaintiff

has failed to allege the proper citizenship of defendant Pilot Travel Centers, LLC. "An LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted). Paragraph 5 of the complaint alleges that, "upon information and belief, no Pilot member is a citizen of the State of Nebraska or Georgia." Dkt. #1, ¶5. In its answer, however, defendant does not admit that allegation, stating only that it "lacks knowledge and information sufficient to form a belief as to the allegations contained therein; therefore, denies, the same." Dkt. #6, ¶5. Thus, the court lacks a clear statement from either plaintiff or defendant establishing diversity jurisdiction.

Therefore, IT IS ORDERED that plaintiff has until June 19, 2017 to respond to this order. If plaintiff fails to do so, this case will be dismissed for lack of federal subject matter jurisdiction.

Entered this 8th day of June, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge